UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

EBONI MARSHALL TURMAN,

                                                 23-cv-

                      Plaintiff,         **Complaint and Jury Demand**

        -against-

THE ABYSSINIAN BAPTIST CHURCH and VALERIE
S. GRANT,

                      Defendants.

--------------------------------------------------------------X

       Plaintiff, Eboni Marshall Turman ("the Reverend Dr. Marshall Turman" or "Plaintiff"), by her attorney, Corey Stark PLLC, complains of Defendants and respectfully alleges to the Court as follows:

## <u>NATURE OF THE ACTION</u>

       1.      This is an action to recover damages and equitable relief under the New York Executive Law Section 290 *et seq.* ("NYSHRL") and the Administrative Code of the City of New York Section 8-107 *et seq*. ("NYCHRL").  The Reverend Dr. Marshall Turman seeks redress for injuries she sustained as a result of Defendants' unlawful employment discrimination against her on the basis of her gender.

## <u>JURISDICTION</u>

       2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that Defendants are citizens of the state of New York, Plaintiff is a citizen of the state of Connecticut, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**VENUE**

3.      Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the Southern District of New York is the judicial district in the state in which the unlawful employment practices are alleged to have been committed.

**PREREQUISITES**

4.      Before filing the complaint in this action, Plaintiff caused a copy of the same to be served upon the Corporation Counsel of the City of New York and the New York City Commission on Human Rights.

**PARTIES**

5.      At all relevant times Plaintiff was, and still is, a resident of the state of Connecticut.

6.      Plaintiff is female.

7.      At all times material herein Plaintiff was an "employee" entitled to protection within the meaning of the NYSHRL and the NYCHRL.

8.      Defendant Abyssinian Baptist Church ("Abyssinian") is a domestic not-for-profit corporation, duly organized and existing under the laws of New York, with offices at 132 West 138th Street in the city, county, and state of New York.

9.      Abyssinian is an "employer" within the meaning of the NYSHRL and the NYCHRL.

10.      At all relevant times Defendant Valerie S. Grant ("Grant") was the chair of the Pulpit Search Committee (the "Committee").

11.      Grant actually participated in, and aided and abetted, the conduct giving rise to the discrimination claims set forth herein.

2

12.     Upon information and belief, Grant is a citizen of the city and state of New York.

13.     This action arises out of Defendants' wrongful, illegal, and tortious conduct within the state of New York.

## BACKGROUND

14.     Plaintiff earned a Bachelor of Arts degree in Philosophy in 2002 from Fordham University.

15.     Plaintiff earned a Master of Divinity degree in Christian Social Ethics, with a minor in African American Religion, in 2005 from Union Theological Seminary.

16.     Plaintiff was licensed to preach in 2005 by Abyssinian under the leadership of the Reverend Dr. Calvin O. Butts, III.

17.     Plaintiff was ordained in 2007 by Abyssinian under the leadership of the Reverend Dr. Calvin O. Butts, III.

18.     Plaintiff earned a Doctor of Philosophy degree in Christian Ethics, with a minor in Systematic Theology, in 2010 from Union Theological Seminary.

19.     Plaintiff is affiliated with the National Baptist Convention, USA, Inc., the Empire Missionary Baptist Association, New York State, and the United Missionary Baptist Association, New York City.

20.     Plaintiff has a well-established career as a pastor and has held the following pastoral positions: Intern Minister for Christian Education for the Union Baptist Church (2002-2004); Intern Minister for Christian Education for Abyssinian (2003-2005); Assistant Minister for Youth for Abyssinian (2005-2007); Dean of the Abyssinian Institute for Christian Education (2005-2012); Assistant Minister for

Christian Education of Abyssinian (2007-2010); and Assistant Minister of Abyssinian (2010-2012).

21.     Plaintiff has also held, or holds, the following academic positions: Visiting Assistant Professor of Christian Social Ethics, Hood Theological Seminary (2012-2013); Director of the Office of Black Church Studies, Duke University Divinity School (2013-2016); Assistant Research Professor of Theological Ethics, Black Church Studies, and African & African American Studies, Duke University Divinity School (2013-2016); Assistant Professor of Theology and African American Religion, Yale Divinity School (2016-2021); and Associate Professor of Theology and African American Religion, Yale Divinity School, Graduate School of Arts and Sciences (July 2021-present).

22.     Plaintiff has also published extensively, served as guest lecturer at some of the finest academic institutions in the United States, and presented her work extensively at academic and religious conferences.

23.     Across her 21 years of ministry Plaintiff has preached in many prominent pulpits and churches across the globe.

24.     Plaintiff is the recipient of a score of professional awards including the Bouchet Faculty Excellence Award, Afro-American Cultural Center, Yale University, "Top 25 Women in Higher Education and Beyond," *Diversity Issues in Higher Ed* Honor, and "Top 5 Young Preachers in America" Honor, *ROHO Soul*.

25.     Abyssinian is a prominent, and the oldest, Black Baptist church in New York State, which traces its history to 1808, when Charlotte Johnson, Sally Allen, Sally Dean Jane Jones, Pheba Green, Pheba Cheeseman, Isabella Simmons, Freelove Slocum, Hagar Tredwell, Peggy Goldman, Jane Nickens, and Dolly Crum, along with seamen

from the Ethiopian Empire (then known as Abyssinia) helped lead a protest against racially segregated church seating.

## GENDER DISCRIMINATION

26.     Plaintiff was the youngest woman to be named Assistant Minister of Abyssinian, and the second woman to preside over the ordinances in Abyssinian's more than two-hundred-year history.

27.     The Rev. Dr. Calvin O. Butts, III, was the Senior Pastor at Abyssinian for more than thirty-three years and for the entirety of Plaintiff's employment as Assistant Minister.

28.     Although Dr. Butts called Plaintiff "the best minister I have ever had" and "the smartest minister I have ever had," he also told her that she would never be the Senior Pastor of Abyssinian because the church would never hire a woman for the position.

29.     In April 2022 Abyssinian formed a search committee to find a Senior Pastor to replace Dr. Butts, who was retiring for health-related reasons.

30.     Article VII, Section 7 of Abyssinian's By-laws mandates that whenever the office of Pastor becomes vacant, a committee of not more than seventeen members in good standing shall be appointed by the Diaconate to serve as the pulpit search committee.

31.     Despite these requirements, Dr. Butts, not the Diaconate, selected twenty-seven (27) persons to serve on the Committee, and, upon information and belief, this was done, at least in part, to ensure that the new Senior Pastor was male.

32.     According to Abyssinian's by-laws marital status, age, and gender should never be considered in the selection process for hiring a Senior Pastor.

33.     In August 2022 Abyssinian posted that it was hiring a Senior Pastor.

34.     The search for a new Senior Pastor consisted of five rounds thus far.

35.     For the first round Abyssinian invited applicants to apply, through submissions of curriculum vitae and other evidence of credentials, no later than October 2022.

36.     Plaintiff and approximately fifty others applied for the Senior Pastor position.

37.     In February or March 2023 Abyssinian informed Plaintiff that she had been selected for the second round, which consisted of answering ten written questions.

38.     In July 2023 Abyssinian informed Plaintiff that she was one of eleven applicants, and the only female applicant, who had been selected for the third round, which consisted of Zoom interviews.

39.     Prior to her Zoom interview several members of the Committee held the opinion that Plaintiff was clearly the strongest applicant for the Senior Pastor position.

40.     During the interview with Plaintiff, Grant behaved inappropriately, asking Plaintiff questions and pressing on topics that her male co-applicants were not asked.

41.     Prior to the interview Plaintiff was invited by a member of the Committee to guest preach at an event, which occurred days after the interview.

42.     At this event the same Committee member told Plaintiff that some of the interview questions had been inappropriate, that she had nevertheless done a great job, and that several Committee members had expressed the opinion that they did not know

6

why a search was even necessary because she was clearly the best candidate for the Senior Pastor position.

43.     Nevertheless, the Committee decided to exclude Plaintiff from the next round of five finalists for the Senior Pastor position.

44.     Gender discrimination motivated the decision not to hire Plaintiff, a fact discussed openly during meetings of the Committee, including by Grant and another Committee member, who said that Abyssinian would only hire a woman as its Senior Pastor "over my dead body."

45.     A number of the Committee members who did not agree with the exclusion of Plaintiff because of her gender inquired about insurance coverage for illegal discrimination and objected to notifying Plaintiff that should would not proceed to the next round of the selection process.

46.     In September 2023 Grant informed Plaintiff, in writing, that she was not one of the five finalists moving on to round four.

47.     Grant was not authorized by the full Committee to inform Plaintiff that she was not one of the five finalists, as other members of the Committee objected on account of gender discrimination and were not informed in advance about Grant's dismissal of Reverand Dr. Marshall Turman from the candidate pool.

48.     All of the five finalists were male, and none were more qualified that Plaintiff to be the next Senior Pastor of Abyssinian.

49.     On September 23, 2023, Plaintiff complained on social media that the decisions not to include her as one of the five finalists and not to hire her as Senior Pastor of Abyssinian were motivated by illegal gender discrimination.

50.     Several members of the Committee approached Plaintiff's husband after reading the complaint on social media and verified that the decision was motivated by gender discrimination and to inform him that ample documentary evidence of this fact existed.

51.     Several community members with direct contacts with the Committee approached Plaintiff or her husband and confirmed conversations they engaged in with a Committee member which indicated the decision to exclude Plaintiff from the finalist pool was motivated by illegal gender discrimination.

52.     Had Defendants not ruled out Plaintiff for the Senior Pastor position because of her gender, she would have received the position, along with substantial compensation.

53.     The openness in which members of the Committee, including Grant, discussed ruling out Plaintiff because of her gender makes it plain that the discrimination was willful.

## AS AND FOR A FIRST COUNT

54.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "53" inclusive with the same force and effect as if fully set forth at length herein.

55.     By virtue of the acts complained of herein, Defendants discriminated against Plaintiff based upon her gender, in violation of the NYSHRL.

56.     As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff had her professional qualifications and abilities unduly questioned, and she was humiliated and embarrassed, which was brought about by

virtue of Defendants' systematic and continuous unlawful discriminatory practices and acts.

57.     Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury, as a direct and proximate result of Defendants' unlawful and discriminatory practices.

## AS AND FOR A SECOND COUNT

58.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "53" inclusive with the same force and effect as if fully set forth at length herein.

59.     By virtue of the acts complained of herein, Defendants discriminated against Plaintiff based upon her gender, in violation of the NYCHRL.

60.     As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff had her professional qualifications and abilities unduly questioned, and she was humiliated and embarrassed, which was brought about by virtue of Defendants' systematic and continuous unlawful discriminatory practices and acts.

61.     Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury, as a direct and proximate result of Defendants' unlawful and discriminatory practices.

WHEREFORE Plaintiff demands the following relief:

a)     a money judgment against Defendants for her damages including, but not limited to, lost wages, lost benefits, other economic damages, shame, humiliation, embarrassment, and mental distress;

b)     instatement into the Senior Pastor position for which Plaintiff was not hired or, alternatively, front pay;

c)     an award of attorneys' fees;

d)     punitive damages;

e)     prejudgment interest and costs;

f)     an injunction against Defendants engaging in future gender discrimination in hiring; and

g)     such further and additional relief as the Court deems just and appropriate under the circumstances.

COREY STARK PLLC


_/s/_____
By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 324-3705

## JURY DEMAND

Plaintiff demands a trial by jury in this action.


Dated: New York, New York
        December 29, 2023

                          COREY STARK PLLC


                          _/s/_____
                          By: Corey Stark (CS-3897)
                          *Attorneys for Plaintiff*
                          110 East 59th Street, 22nd Floor
                          New York, New York 10022
                          (212) 324-3705

11