UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EBONI MARSHALL TURMAN,<br><br>                           Plaintiff,<br><br>              v.<br><br>THE ABYSSINIAN BAPTIST CHURCH, et al.,<br><br>                           Defendants. | 23 Civ. 11304 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

       An order issued March 5, 2024, adjourned the initial pretrial conference pending further order.  *See* ECF No. 13.  On April 19, 2024, Defendants moved to dismiss the Amended Complaint.  *See* ECF No. 17.  In connection with their motion to dismiss, they also moved for a stay of discovery pending resolution of their motion to dismiss.  *See id.*  Plaintiff opposes the request.  *See* Mem. of L. in Opp'n to Mot. to Dismiss 18, ECF No. 20.

       It is hereby **ORDERED** that Defendants' request for a stay of discovery pending resolution of their motion is **GRANTED**.  District courts may stay discovery during the pendency of a motion to dismiss "for good cause."  Fed. R. Civ. P. 26(c).  "In deciding whether to grant a stay, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion."  *Boelter v. Hearst Comm'ns Inc.*, No. 15 Civ. 3934, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) (internal quotation marks omitted).  The Court has reviewed the underlying motion and, while making no holding on the motion, it finds that the motion presents substantial arguments for dismissal.  The nature of Defendants' principal argument for dismissal—the ministerial exception, a doctrine that "precludes application of labor and employment-discrimination legislation to claims concerning the employment relationship between a religious institution and its ministers," *Jusino v. Catholic Teachers, Inc.*, 54 F.4th 95, 104 n.2 (2d Cir. 2022)—also counsels in favor of staying discovery,

because it is grounded on a principle of judicial non-interference with religious institutions. Discovery into the hiring process central to Plaintiff's claims is likely to be substantial, as the Amended Complaint alleges that Defendants created a committee of twenty-seven members at least in part to ensure the candidate selected was male.  *See* Am. Compl. ¶¶ 33-35.  Finally, Plaintiff articulates no prejudice that would result from delaying discovery until the resolution of the motion to dismiss.

The parties may informally trade discovery to resolve this case without judicial intervention, but no party is obligated to respond to any discovery request, pending further order of the Court.  The initial pretrial conference and requirement to submit pre-conference materials remain adjourned, pending further order.

SO ORDERED.

Dated: June 6, 2024
       New York, New York

_____
DALE E. HO
United States District Judge